FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 8 2020

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS JAMES W. McCORMACK, CLERK
CENTRAL DIVISION   By:_____
DEP CLERK

**VICKI CAUSEY and ALESHA ARNOLD,**                    **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                    No. 4:20-cv- 687-DPM

**BANK OZK**                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Vicki Causey and Alesha Arnold (collectively "Plaintiffs"),

each individually and on behalf of all others similarly situated, by and through their

attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for their Original

Complaint—Collective Action ("Complaint") against Defendant Bank OZK ("Defendant"),

they state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiffs, each individually and on behalf of all others similarly situated,

bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA")

and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for

declaratory judgment, monetary damages, liquidated damages, prejudgment interest,

and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay

Plaintiffs and others similarly situated lawful overtime compensation for hours in excess

of forty (40) hours per week.

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.    JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant conducts business within the State of Arkansas.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.      Plaintiffs were employed by Defendant at its facility in Conway.

8.      The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

9.      Plaintiff Vicki Causey ("Causey") is a citizen of the United States and a resident and domiciliary of Faulkner County.

10.     Plaintiff Alesha Arnold ("Arnold") is a citizen of the United States and a resident and domiciliary of Faulkner County.

11.     Defendant is a bank, registered to do business in Arkansas.

12.     Defendant's registered agent for service is Greg McKinney, at P.O. Box 8811, Little Rock, Arkansas 72231.

13.     Defendant maintains a website at https://www.ozk.com/personal/.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

15.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

16.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

17.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18.     Defendant's primary business is providing banking services to its customers.

19.     At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

20.     At all times material herein, Plaintiffs and those similarly situated have been classified or should have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

21.     Plaintiff Causey worked for Defendant in management from 2003 until 2006, again as a teller and a customer service representative from April of 2007 until August of 2007, as a salaried branch manager from August of 2007 until December of 2017, as an hourly assistant manager from December of 2017 until March of 2018, and as a salaried assistant manager from March of 2018 until February of 2019.

22.     Plaintiff Arnold worked for Defendant as a customer service representative from November of 2005 until January of 2015, as an assistant manager from January of 2015 until August of 2016, as a salaried branch manager from August of 2016 until December of 2017, as an hourly assistant manager from December of 2017 until March of 2018, and as a salaried assistant manager from March of 2018 until February of 2019.

23.     At all relevant times herein, Defendant directly hired assistant managers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.     As assistant managers, Plaintiffs performed duties on Defendant's behalf such as opening new accounts, acting as tellers and running drawers, completing reports, making sales calls, tracking employee attendance, and representing the bank at community meetings and events.

25.     Plaintiffs and similarly situated assistant managers regularly worked over forty hours per week.

26.     While Plaintiffs were classified as non-exempt from the overtime requirements of the FLSA working as hourly assistant managers for Defendant, they regularly worked hours for which they were not paid. Specifically, Plaintiffs were sometimes required to attend community meetings and events off the clock in the evenings.

27.     Hours that Plaintiffs spent representing the bank at these meetings subsequently went unrecorded and uncompensated by Defendant.

28.     Because Plaintiffs worked hours which went uncompensated, Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty (40) each week.

29.     Defendant knew or should have known that Plaintiffs were working additional hours off-the-clock for which they were not compensated.

30.     As salaried assistant managers, Plaintiffs and similarly situated employees performed the same duties that they did as hourly assistant managers.

31.     Despite the fact that Plaintiffs' job duties had not changed, Defendant decided to classify Plaintiffs as exempt from the overtime requirements of the FLSA and pay them a salary instead of hourly pay.

32.     As salaried assistant managers, Plaintiffs and similarly situated employees did not have the authority to hire or fire any other employee, nor were their recommendations for hiring or firing given particular weight, nor did they exercise independent judgment as to matters of significance.

33.     Plaintiffs and similarly situated employees did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

34.     As salaried assistant managers, Plaintiffs and similarly situated employees regularly worked in excess of forty (40) hours per week.

35.     Defendant did not pay Plaintiffs and similarly situated employees one and one-half times their regular rate of pay for hours worked over forty (40) per week when they were salaried assistant managers.

36.     At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

37.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

45.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46.     At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

47.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked in excess of forty per week;

B.     Liquidated damages; and

C.     The costs of this action, including attorney's fees.

48.     Plaintiffs propose the following collective under the FLSA:

**All salaried assistant managers in the past three years.**

49.     In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

50.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

51.     The proposed FLSA collective members are similarly situated in that they share these traits:

52.     They were misclassified as salaried employees;

53.     They were not paid proper overtime wages as required by the FLSA;

54.     They worked more than 40 hours in at least one week; and

55.     They had substantially similar job duties, requirements, and pay provisions.

56.     Plaintiffs are unable to state the exact number of the class but believe that there are at least ten (10) other employees who worked as assistant managers and were misclassified as salaried employees.

57.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

58.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable

FLSA collective action plaintiffs via email to their last known email address as soon as possible.

59. Defendant's actions in denying overtime wages to Plaintiffs and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

38. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

39. Plaintiffs assert these claims for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

41. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

### A.   Hourly Assistant Managers

42. When Plaintiffs worked as hourly assistant managers, Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

43. Defendant failed to pay Plaintiffs for all hours worked, including one and one-half times their regular rates for all hours worked in excess of forty hours per week.

44. Defendant knew or should have known that its actions violated the FLSA.

45. Defendant's conduct and practices, as described above, were willful.

46.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

47.    Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

**B.    Salaried Assistant Manager**

49.    When Plaintiffs worked as salaried assistant managers, Defendant misclassified Plaintiffs as exempt from the requirements of the FLSA.

50.    Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

51.    Defendant knew or should have known that its actions violated the FLSA.

52.    Defendant's conduct and practices, as described above, were willful.

53.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

54.     Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

55.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

56.     Plaintiffs repeat and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

60.     When Plaintiffs and other similarly situated employees worked as salaried assistant managers, Defendant misclassified Plaintiffs and other similarly situated employees as exempt from the overtime provisions of the FLSA.

61.     Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

62.     Defendant knew or should have known that its actions violated the FLSA.

63.     Defendant's conduct, as described above, has been willful.

64.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

65.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

67.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

68.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

69.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

### A.     Hourly Assistant Managers

71.     When Plaintiffs worked as hourly assistant managers, Defendant classified Plaintiffs as non-exempt from the requirements of the AMWA.

72.     Defendant failed to pay Plaintiffs for all hours worked, including one and one-half times their regular rates for all hours worked in excess of forty hours per week.

73.     Defendant knew or should have known that its actions violated the AMWA.

74.     Defendant's conduct and practices, as described above, were willful.

75.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

76.     Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## B.     Salaried Assistant Manager

78.     When Plaintiffs worked as salaried assistant managers, Defendant misclassified Plaintiffs as exempt from the requirements of the AMWA.

79.     Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

80.     Defendant knew or should have known that its actions violated the AMWA.

81.     Defendant's conduct and practices, as described above, were willful.

82.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

83.     Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result

thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

84.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Vicki Causey and Alesha Arnold, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiffs and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.    Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.    An order directing Defendant to pay Plaintiffs and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**VICKI CAUSEY and ALESHA ARNOLD,
Each Individually and on Behalf of All
Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com